IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

---

| KENNETH A. LEBER, | )  |
| --- | --- |
| Plaintiff, | ) Case No. 2:09-CV-35 TC |
| v. | ) District Judge Tena Campbell |
| JUDGE LYLE R. ANDERSON et al., | ) **MEMORANDUM DECISION** |
|  | ) **& DISMISSAL ORDER** |
| Defendants. | ) |

---

Plaintiff/inmate, Kenneth A. Leber, filed a *pro se* civil rights complaint, *see* 42 U.S.C.S. § 1983 (2009), proceeding *in forma pauperis*, *see* 28 U.S.C.S. § 1915. The Court now screens his complaint under the standard that any claims in a complaint filed *in forma pauperis* must be dismissed if they are frivolous, malicious or fail to state a claim upon which relief may be granted. *See id.* §§ 1915-1915A.

**ANALYSIS**

1. Claims

Plaintiff names as defendants Judge Lyle R. Anderson, prosecutor Craig C. Halls, and public defender William Schultz. Plaintiff's claims regard his child-abuse conviction. He alleges that his public defender provided him ineffective assistance of counsel, while the other two defendants allowed constitutional breaches during his criminal trial--i.e., denial of due process and the right against self incrimination. Plaintiff requests "justice"--presumably, damages and release from prison. He

specifically asks that Defendants be removed from their jobs and "anything to do with the law or political duties--'FOREVER.'"

2. Grounds for Sua Sponte Dismissal

In evaluating the propriety of dismissing a complaint for failure to state a claim upon which relief may be granted, this Court takes all well-pleaded factual assertions as true and regards them in a light most advantageous to Plaintiff.  *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).  Dismissal is appropriate when, viewing those facts as true, Plaintiff has not posed a "plausible" right to relief.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)*; Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008).

This Court must construe these pro se "'pleadings liberally,' applying a less stringent standard than is applicable to pleadings filed by lawyers.  Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citations omitted).  In the Tenth Circuit, this means that if this Court can reasonably read the pleadings "to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading

requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam)). Dismissing the complaint "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110) (additional quotation marks omitted).

### 3. *Heck*

"In *Heck*, the Supreme Court explained that a § 1983 action that would impugn the validity of a plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by collateral proceedings." *Nichols v. Baer*, No. 08-4158, 2009 U.S. App. LEXIS 4302, at *4 (10th Cir. Mar. 5, 2009) (unpublished) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). *Heck* prevents litigants "from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions." *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007) (citation

3

omitted). *Heck* clarifies that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." 512 U.S. at 486.

Plaintiff argues that Defendants violated his constitutional rights at trial. These arguments attack Plaintiff's underlying conviction and sentence. *Heck* requires that, when a plaintiff requests damages in a § 1983 suit, this Court must decide whether judgment in the plaintiff's favor would unavoidably imply that the conviction or sentence is invalid. *Id.* at 487. Here, it would. If this Court were to conclude that Plaintiff's constitutional rights (right to effective assistance of counsel, right to avoid self incrimination, and due process rights) were violated in a prejudicial manner, it would be stating that Plaintiff's conviction and sentence were not valid.

Thus, this complaint "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* This has not happened. The Court must thus dismiss Plaintiff's complaint.

Finally, Plaintiff's effective request to be released from imprisonment or parole may be properly raised only in a habeas corpus petition. And (especially on the basis of meritless claims), the Court has no authority to remove Defendants from their jobs and careers.

## CONCLUSION

The Court concludes that Plaintiff's complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C.S. § 1915(e)(2)(B)(ii) (2009).

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's complaint is **DISMISSED**.

DATED this 22nd day of January, 2010.

BY THE COURT:

/s/ Tena Campbell
_____
CHIEF JUDGE TENA CAMPBELL
United States District Judge